**John CARBOUN, husband; Karen Carboun, wife, Plaintiffs–Appellants,**

**v.**

**CITY OF CHANDLER, a body politic; Bobby Joe Harris, a former police chief of the City of Chandler Police Department; Judy Harris, wife, aka Jane Doe Harris; Pat McDermott, assistant city Manager of the City of Chandler; Mary H. McDermott, wife, aka Jane Doe McDermott, Defendants–Appellees.**

No. 05–17134.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Nov. 2, 2007.

Charles Shaw, Prescott, AZ, for Plaintiffs–Appellants.

Katherine E. Baker, Esq., Green & Baker, Scottsdale, AZ, Diane L. Bornscheuer, Esq., for Defendants–Appellees.

Before: BRUNETTI, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Plaintiffs John Carboun, who is a police officer with the City of Chandler, and his wife Karen Carboun appeal the district court's order granting Defendants' motions for summary judgment on Plaintiffs' claims for First Amendment retaliation under 42 U.S.C. § 1983 and defamation under Arizona law. We affirm.

Regarding the First Amendment retaliation claim, we conclude that Officer Carboun's letter to the city manager, while addressing several topics of varying public interest, sufficiently touched upon matters of public concern. *See Cochran v. City of Los Angeles,* 222 F.3d 1195, 1200 (9th Cir. 2000) ("Although ... not addressed directly to the public, the speech here did concern matters which are relevant to the public's evaluation of its police department."); *Gilbrook v. City of Westminster,* 177 F.3d 839, 866 (9th Cir.1999); *see also*

*Connick v. Myers,* 461 U.S. 138, 149, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Voigt v. Savell,* 70 F.3d 1552, 1562 (9th Cir.1995).

Nonetheless, the claim fails as a matter of law under the balancing test of *Pickering v. Board of Education,* 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Here, "[w]e are not dealing with the rights of an ordinary citizen vis-à-vis the government; we are dealing with the rights of a governmental employee (a police officer at that) vis-à-vis his employer." *Dible v. City of Chandler,* 502 F.3d 1040, 1048 (9th Cir. 2007). We conclude that, based on the totality of the circumstances, the City's interest in the efficient management of its operations, particularly in avoiding disruption of morale, "discipline, esprit de corps, and uniformity" within the police department, "outweighs the interests of the public and of [Officer Carboun] in the particular statements made," *Kannisto v. City & County of San Francisco,* 541 F.2d 841, 843 (9th Cir.1976), in light of the "publicness" and content of his speech as a whole, his motivations, and the timing, manner and context in which he spoke. *See Cochran,* 222 F.3d at 1200–02; *Brewster v. Bd. of Educ.,* 149 F.3d 971, 980–81 & n. 4 (9th Cir.1998); *Rendish v. City of Tacoma,* 123 F.3d 1216, 1224–25 (9th Cir.1997). The adverse employment action taken against Officer Carboun was within the City's " 'wide discretion and control over the management of its personnel and internal affairs,' " *Connick,* 461 U.S. at 151, 103 S.Ct. 1684 (citation omitted), including the enforcement of departmental regulations regarding the job-related conduct of its officers, *see Kannisto,* 541 F.2d at 842–44.

Because we resolve the *Pickering* balance in favor of Defendants, we need not

---

* This disposition is not appropriate for publication and is not precedent except as provided    by 9th Cir. R. 36–3.

reach the issues of qualified immunity and municipal liability.

Regarding Plaintiffs' state law defamation claim, we affirm for the reasons stated in the district court's opinion.

**AFFIRMED.**